IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAROOK RAGHANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-02014-M-BF |
| | § | |
| UNITED STATES CITIZENSHIP & | § | |
| IMMIGRATION SERVICES, | § | |
| | § | |
| Defendant. | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the United States Magistrate Judge for findings, conclusions, and recommendation. On October 6, 2010, Farook Raghani ("Plaintiff" or "Raghani") filed suit against the United States Citizenship & Immigration Services ("Defendant" or "USCIS") pursuant to 8 U.S.C. § 1421(c), which allows the Court to conduct a *de novo* review of USCIS's denial of an application for naturalization. (Doc. 1.)

### Procedural History

On December 13, 2010, Defendants filed a 12(b)(6) motion to dismiss for failure to state a claim. ("Motion," doc. 6.) On December 29, 2010, the parties jointly requested that the Court grant Plaintiff an extension of time to respond to Defendant's Motion and stay the proceedings for Plaintiff to pursue a claim challenging his guilty plea in state court. The Court granted a stay of this proceeding until May 20, 2011. After the stay expired, Plaintiff filed his response to the Motion on May 10, 2011, and Defendant's Reply on May 24, 2011. This Court has thoroughly considered the entire record in this case.

1

Plaintiff stipulated to the facts contained in Defendant's Motion and to the fact that Plaintiff pled guilty to sexual assault, a second degree felony under Texas Penal Code § 22.011 in March of 1995. Thus no facts are in dispute.  Only questions of law remain.

## Standard of Review

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation and footnote omitted).  However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

## Findings of Fact

As previously noted, the facts in this case are not in dispute. Plaintiff, a native and citizen of India, became a permanent United States resident on November 4, 1989. (Doc. 6, pp. 20-21.) On March 15, 1995, Plaintiff pled guilty to sexual assault, a second degree felony under Texas Penal

Code § 22.011. (Doc. 1, p. 2.) The court sentenced Plaintiff to a five year term of imprisonment, which was suspended, and Plaintiff ultimately served 47 months of probation. (Doc. 6, p. 21.)

On or about January 24, 2006, Plaintiff was arrested and detained by Immigration and Customs Enforcement ("ICE"). (Doc. 6, p. 22.) On July 24, 2006, the Immigration Judge granted a waiver of deportation under the Immigration and Nationality Act ("INA") § 212(c).[1] (Doc. 6, p. 22.) On October 30, 2006, Plaintiff filed a Form N-400 (Application for Naturalization). (Doc. 6, p. 22.) The Application was dismissed for abandonment on September 5, 2007. (*Id.*) Plaintiff filed a Motion to Reopen ("MTR") the second Form N-400 on September 14, 2007. The MTR was granted. On October 10, 2008, USCIS denied Plaintiff's second Form N-400 for failure to establish eligibility for naturalization in accordance with 8 C.F.R. § 316.10(a). Specifically, USCIS found that Plaintiff is permanently precluded from establishing good moral character based on his conviction for an aggravated felony, the offense of sexual assault, a second degree felony under Texas Penal Code § 22.011. Plaintiff filed an appeal with USCIS which was denied. (Doc. 6, p. 23.) On October 6, 2010, Plaintiff filed this action for a *de novo* review of the denial of his naturalization application pursuant to 8 U.S.C. § 1421(c). (Doc. 1.)

**Conclusions of Law**

A.     **The Good Moral Character Requirement**

Unless certain strict statutory requirements are met, "[n]o alien has the slightest right to naturalization." *United States v. Ginsberg*, 243 U.S. 472, 475 (1917); *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). The burden of proof is on the applicant to show his or her eligibility and compliance with all statutory requirements. *Berenyi v. Dist. Dir., INS*, 385 U.S. 630 (1967). Doubts

---

[1] Congress repealed INA § 212(c) in 1996 but relief is still available to those who pled guilty before the repeal.

about the applicant's eligibility "should be resolved in favor of the United States and against the claimant." *Id.* at 637 (internal citations & quotation marks omitted).

Plaintiff contends the relevant period for considering whether the applicant was convicted of an aggravated felony is five years prior to his filing of the naturalization application. He contends that because he filed his application on October 30, 2005, his aggravated felony conviction does not make him ineligible for naturalization.

Plaintiff's view of the relevant period is contrary to the plain language of the INA and its regulations. The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1427(a), provides in pertinent part, "No person . . . shall be naturalized unless such applicant . . . during all the periods referred to in this subsection, has been and still is a person of good moral character. . . ." 8 U.S.C. § 1427(a). The terms of 8 U.S.C. § 1101(f)(8) state:

> No person shall be regarded as, or found to be a person of good moral character who, during the period for which good moral character is required to be established is, or was-
>
> * * *
>
> (8) one who at any time has been convicted of an aggravated felony.

During the five-year statutory period before Plaintiff submitted his application, he was, and still is a person who at any time has been convicted of an aggravated felony, sexual assault. *See Chan v. Gantner*, 464 F.3d 289, 294 (2nd Cir. 2006) (holding that although the applicant committed his aggravated felony more than five years in the past, he remains one who is disqualified for naturalization because he has committee an aggravated felony); *see also Boatswain v. Gonzales*, 414 F.3d 413, 418 92nd Cir. 2005 (finding the language "the period for which good moral character is required to be established" is only an "acknowledgment that the various provisions of chapter twelve attach different chronological conditions to the good moral character requirement contained in

each"). The determination of good moral character is not limited to the statutory five-year period before filing. The regulations provide that USCIS "may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to" the five-year period. *See* 8 C.F.R. § 316.10(a)(2). Plaintiff's argument that the determination of good moral character is limited to the five-year period before the filing of the application is without merit.

Plaintiff next urges that USCIS must provide proof of Plaintiff's commission of the crime and police reports showing specific facts indicating that he used force during the commission of the sexual assault. Plaintiff contends that whether he actually used force in committing the sexual assault of which he remains conviction is relevant to his eligibility for citizenship.

On *de novo* review, the Court evaluates whether the crime that was committed is an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Fifth Circuit Court of Appeals has held that a crime of violence includes "those crimes that can perhaps be committed without the use of physical force, but that nevertheless always entail a substantial risk that physical force may be used." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 465 (5th Cir. 2006) (citing *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004)).

What is relevant to this Court's decision is not whether Plaintiff actually used force in committing sexual assault against his victim, but rather, whether, under Texas Penal Code § 22.011, sexual assault involves a substantial risk that physical force may be used against the victim. The categorical approach is used to avoid "the enormous problems of re-litigating past convictions, especially where the defendant pleads guilty and there is no record of the underlying facts." *Larin-Ulloa*, 462 F.3d at 464 (quoting *Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004).

"In determining whether a prior conviction qualifies as an aggravated felony . . . [the Court] employ[s] a categorical approach in which [it] look[s] at the statute under which the alien was convicted rather than at the particular underlying facts." *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005). An aggravated felony is defined as "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). A crime of violence is any "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Supreme Court explained that § 16(b) covers offenses "which, by nature, [involve] a substantial risk that the [offender] will use force against a victim in completing the crime." *Leocal*, 543 U.S. at 2.

Plaintiff was convicted of sexual assault pursuant to Texas Penal Code § 22.011 (1994) "for unlawfully, knowingly, and intentionally causing penetration of the victim, a person not the spouse of the defendant, without the consent of the victim by means of an object, to-wit the fingers of Farook Shamshudin Raghani." The Fifth Circuit has held that in cases involving sexual assault, "the risk that physical force will be used to complete the offense . . . is substantial." *Zaidi v. Ashcroft*, 374 F.3d 357, 361 (5th Cir. 2004). Because the risk that physical force would be used is substantial, sexual assault qualifies as a crime of violence and therefore constitutes an aggravated felony under the relevant portions of the United States Code. Thus, under the INA and its implementing regulations, Plaintiff is permanently precluded from demonstrating good moral character and is ineligible for naturalization. 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii); *see also Singh v. Holder*, 568 F.3d 525, 527 (5th Cir. 2009). Plaintiff's argument that USCIS failed to offer proof that he has been convicted of an aggravated felony is without merit.

**B.**     **Section 212(c) Relief**

Plaintiff argues that he is a person of good moral character because the Immigration Judge

granted him relief under INA § 212(c). (Doc. 1, p. 3.) Plaintiff also argues that because he was

granted 212(c) relief, sexual assault cannot be an aggravated felony. (Doc. 1, p. 3.) These arguments

are without merit.

Section 212(c) allows an alien to receive a waiver allowing the alien to become a legal

permanent resident despite conviction of a crime. However, a grant of relief under § 212(c) is not

synonymous with a determination of good moral character. 8 U.S.C. § 1182(c).  Approval for

Section 212(c) relief covers only those specific grounds of excludability or deportability that were

described in the application. *Molenda v. I.N.S.*, 993 F.2d 291, 293 (5th Cir. 1993). Relief under §

212(c) does not expunge convictions from the alien's record. *Id.* at 294. Each Circuit that has

considered this issue has held it appropriate for the government to consider an alien's criminal

conviction despite the grant of § 212(c) relief. *See Molenda v. INS*, 998 F.2d 291, 294-95 (5th

Cir.1993); *see also Chan v. Gantner*, 464 F.3d 289, 295 (2d Cir. 2006); *Rodriguez-Munoz v.*

*Gonzales*, 419 F.3d 245, 248 (3d Cir. 2005); *Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir.

1993). Accordingly, Plaintiff's arguments based upon § 212 (c) relief are without merit.

## Recommendation

Upon *de novo* review of USCIS's denial of Plaintiff's application for United States

Citizenship, the District Court should grant USCIS's Motion to Dismiss because under the

undisputed facts and relevant law, Plaintiff fails to state a claim upon which relief can be granted.

Therefore, the Court hereby recommends that the Motion to Dismiss be **GRANTED,** and that

7

Plaintiff's appeal be dismissed with prejudice.

**SO RECOMMENDED**, August 25, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U. S. C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).